UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAUREEN M. RYAN, TRUSTEE, | : |
| | : |
| Chapter 11 Trustee of the Estate of Raymark Industries, Inc., | : No. 3:00CV1854 (DJS)--Lead Case |
| | : No. 3:00CV1855 (DJS) |
| | : No. 3:00CV1856 (DJS) |
| Plaintiff, | : No. 3:00CV1857 (DJS) |
| | : No. 3:00CV1858 (DJS) |
| v. | : No. 3:00CV1859 (DJS) |
| | : No. 3:00CV2134 (DJS) |
| SULLIVAN, HILL, LEWIN, REZ, ENGEL AND LABAZZO, *et al.*, | : No. 3:00CV2135 (DJS) |
| | : No. 3:00CV2136 (DJS) |
| | : No. 3:00CV2137 (DJS) |
| Defendants. | : No. 3:00CV2138 (DJS) |
| | : |
| | : November 19, 2004 |

**PLAINTIFF TRUSTEE'S OPPOSITION TO CERTAIN DEFENDANTS' JOINT MOTION FOR RECONSIDERATION**

Plaintiff Laureen M. Ryan ("Trustee"), in her capacity as Chapter 11 trustee of the bankruptcy estates of Raymark Industries, Inc. ("Raymark"), Raymark Corporation ("Raycorp") and Universal Friction Composites, Inc. ("UFC"), hereby submits this opposition to the Motion For Reconsideration and Memorandum of Law in Support thereof (collectively, the "Motion") filed by the defendants Sullivan, Hill, Lewin, Rez, Engel and Labazzo ("Sullivan Hill"); Nelson, Mullins, Riley & Scarborough, L.L.P. ("Nelson Mullins"); and Tom Riley Law Firm, P.L.C. ("Riley") (collectively, the "Defendants"). In support of her opposition, Trustee states the following.

## INTRODUCTION

Defendants' Motion makes much ado about nothing. Unable to prevail on their Joint Motion for Summary Judgment, or in the Alternative, for Summary Judgment ("Defendants' SJ Motion"), Defendants ask the Court to reconsider its Memorandum of Decision (the "Decision") dated October 14, 2004 insofar as it held that the Trustee has standing to pursue the avoidance of certain fraudulent transfers made by Raymark to the Defendants prior to its bankruptcy filing. According to Defendants, the "Court committed multiple manifest errors of law" (Motion at 4) in concluding "that a trustee may only bring a creditor's avoidance claim under § 544(b) when the benefits of the action inure to all creditors ratably . . . is not a tenable reading of § 544(b)." (Decision at 7).

Contrary to Defendants' assertion, this Court has not misapplied the law of standing in the context of Section 544 of the Bankruptcy Code. It is the Defendants, not the Court, who misunderstand *Caplin* and its progeny and the concept of standing under Section 544 of the Bankruptcy Code. There is simply no requirement in Section 544 or otherwise that in order for a trustee to have standing to pursue a state law fraudulent transfer claim that such claim "must benefit all creditors ratably." (Motion at 4-6). Furthermore, the Trustee has standing to pursue the fraudulent transfer claims against Defendants because Raymark has a direct, beneficial interest in the CIGA Settlement Proceeds.

## LEGAL AUTHORITY

I.  **RECONSIDERATION IS UNWARRANTED HERE BECAUSE THE DEFENDANTS HAVE FAILED TO DEMONSTRATE THAT THIS COURT OVERLOOKED CONTROLLING LAW OR ANY OTHER MATTERS IN RENDERING ITS DECISION.**

The standard for granting a motion for reconsideration is strict. Reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995), see also *United States v. Sanchez*, 35 F.3d 673, 677 (2d Cir. 1994) (granting of reconsideration appropriate when a "need is shown to correct a clear error of law or to prevent manifest injustice."); *LoSacco v. City of Middletown*, 882 F. Supp. 870, 876-77 (D. Conn. 1993). A motion to reconsider ". . . should not be granted where the moving party seeks only to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Generally, the moving party is required to demonstrate that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion. *Yurman Design, Inc. v. Golden Treasure Imps., Inc.*, 218 F.R.D. 396 (S.D.N.Y. 2003); see *Walsh v. McGee*, 918 F. Supp. 107, 110 (S.D.N.Y. 1996); *Houbigant, Inc. v. ACB Mercantile (In re Houbigant, Inc.)*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). This rule is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Walsh*, 918 F. Supp. at 110; see also *United States v. Mason Tenders Dist. Council of Greater New York*, 909 F. Supp. 882, 889 (S.D.N.Y. 1995). Thus where a party seeking reconsideration fails to show that the Court overlooked any controlling law or facts but, instead, repeats arguments already rejected by the court,

reconsideration is unwarranted. *Yurman Design, Inc. v. Golden Treasure Imps., Inc.*, 218 F.R.D. 396 (S.D.N.Y. 2003); *Conn. State Dep't of Soc. Servs. v. Thompson*, 289 F.Supp.2d 198 (D. Conn. 2003) (Underhill, J.) (addressing reconsideration under Rule 59(e), Fed. R. Civ. P., and Connecticut Local District Rule 7(c): where principle raised by party seeking reconsideration was both previously raised by that party and previously known to the court, threshold requirement for a motion for reconsideration not met).

Local District Court Rule 7(c) requires that counsel seeking reconsideration of a court order file a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order."

In the case at bar, the Defendants' reconsideration motion must fail because they cannot establish that the Court overlooked controlling decisions or factual matters concerning the Trustee's standing in this case. The Court's decision makes plain that it carefully considered controlling precedent in the Supreme Court and the Second Circuit as well as the statutory authority found in the Bankruptcy Code on the issue of standing.

II.  **THE DISTRICT COURT CORRECTLY APPLIED THE SUPREME COURT OPINION IN CAPLIN AND ITS PROGENY CONSTRUING A TRUSTEE'S STANDING TO PURSUE CLAIMS ON BEHALF OF THE DEBTOR**

The Defendants correctly point out that a trustee can sue in two different capacities. First, a bankruptcy trustee stands in the shoes of the bankrupt corporation. As such, the trustee has standing to bring any suit that the debtor corporation could have instituted had it not petitioned for bankruptcy. *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F2d 114, 118 (2d Cir. 1991). Second, a bankruptcy trustee can bring certain claims of creditors arising under Section 544 of the Bankruptcy Code. "Under the Bankruptcy Code, the bankruptcy trustee

may bring claims founded, *inter alia*, on the rights of the debtor and on certain rights of the debtor's creditors, *see e.g.*, 11 U.S.C. §§ 541, 544, 547." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1093 (2d Cir. 1995). What the Defendants fail to recognize, however, is that a bankruptcy trustee lacks standing to assert general causes of action against third parties *that belong to a debtor's creditors*. *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416 (1972) (emphasis added). However, that is simply not the nature of the claims being asserted by the Trustee in the case at bar. The claims at issue plainly do not belong exclusively to the creditors and therefore, *Caplin* is not controlling under the circumstances.

This Court correctly points out that Caplin and its progeny stands for nothing more than the basic axiom of bankruptcy law that a trustee does not have the authority to bring an action to recover damages arising out of creditors' claims. (Decision at 9, citing *Caplin*). It is undisputed that *Caplin* remains good law under the Code. *See e.g., Shadduck v. Shaduck*, 208 B.R. 1, 3 (Bankr. D. Mass. 1997). The determination of whether a claim may be brought by a creditor of a bankrupt corporation outside of the bankruptcy proceedings depends on an analysis of state law. *St. Paul Fire and Marine Insur. Co. v. Pepsico, Inc.*, 884 F.2d 688, 700 (2nd Cir. 1989). State law also controls whether the rights, *i.e.,* the cause of action, belong to the debtor or the individual creditors. *Id.* at 700.

Relying on *Caplin*, courts have routinely denied a trustee standing where the claims were personal to creditors and did not belong to the debtor. See generally, *Shearson Lehman Sutton, Inc. v. Wagoner*, 944 F.2d 114 (2d Cir. 1991) (trustee lacked standing to bring claim against broker for allegedly defrauding debtor corporation with cooperation of debtor's management); *In re Teligent*, 307 B.R. 744 (Bankr. S.D.N.Y. 2003) (estate representative

lacked standing to assert personal claim of creditors against former officer of debtor for breach of fiduciary duty); *In re Ozark Restaurant Equipment, Co., Inc.* 816 F.2d 1222 (8th Cir. 1987) (trustee lacked standing to prosecute alter ego claims of creditors); and *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085 (2d Cir. 1995) (trustee lacked standing to assert claims of malpractice against defendants).

Unlike *Caplin* and the cases cited above, the Trustee in the instant action is not pursuing a claim that is a personal, direct claim belonging to Raymark's creditors. This Court correctly distinguished *Caplin* on this basis. Despite Defendants' contentions to the contrary, *Caplin* and the cases following *Caplin* must be limited to their facts precisely because they involve claims that are personal to and inure to the benefit of specific creditors – and not the debtor.

This Court hit the mark when it stated, "[n]one of these decisions (*Caplin* and its progeny) involved a claim for avoidance under a state fraudulent transfer law. Further, none of these courts considered or interpreted § 544(b). These precedents have only limited value as guidance for this decision." (Decision at 10).

This is precisely why *Hirsch v. Marinelli*, 168 B.R. 506 (Bankr. D. Conn. 1994), a case upon which Defendants rely heavily, is inapplicable to these proceedings. In that case Judge Krechevsky ruled that the trustee lacked standing to pursue Count II of a complaint which asserted a fraudulent transfer action pursuant to 12 U.S.C. § 1821(d)(17).[1] Judge Krechevsky concluded that a claim pursuant to Section 1821(d)(17) was a personal claim that accrued only to the FDIC; as such the trustee had no right to maintain that claim.

---

[1] The language of 12 U.S.C. § 1821(d)(17) indicates that only the FDIC, as conservator of a failed depository institution, may use the statute to avoid certain fraudulent transfers. *See In re Colonial Realty Co.*, 980 F.2d 125 (2d Cir. 1992).

Interestingly, the defendant only challenged the trustee's standing as to Count II of the Complaint and *not* Count I. Count I of the trustee's complaint sought the avoidance of certain fraudulent transfers pursuant to Connecticut fraudulent transfer law, Conn. Gen. Stat. § 52-552. The Marinelli defendant's failure to challenge standing as to Count I is telling. The challenge was not made simply because it is beyond dispute that a trustee, like the Trustee in this case, has standing to assert a state fraudulent transfer action pursuant to Section 544(b).

Moreover, if there were even the slightest doubt on this issue, it was resolved by the very same judge that decided *Hirsch v. Marinelli* in an opinion subsequent to that case and which involved the very same chapter 7 trustee of Colonial Realty, Co. In *Hirsch v. Lopreato (In re Colonial Realty)*, 208 B. R. 619 (Bankr. D. Conn. 1997), Judge Krechevsky addressed, in the very same bankruptcy case that produced *Marinelli,* the question – the precise question Defendants attempt to raise here – of a bankruptcy trustee's standing, under 11 U.S.C. Sec 544, to bring a fraudulent transfer action under Connecticut's version of UFTA. Judge Krechevsky concluded that such standing plainly existed since *any creditor of the debtor* could bring an action under UFTA. 208 B. R. at 622 (emphasis added). The Court recognized the limitations of *Marinelli* and its inapplicability to this issue, noting that the second count was dismissed "upon finding §1821(d)(17) was a personal claim accruing only to the FDIC." The Court further stated that, "[w]hile the Marinelli defendant did not seek to dismiss the first count on the ground of standing, it is readily apparent from the language above quoted that standing of the Trustee to press the first count was impliedly assumed by the court and the parties." *Id.* The court ultimately concluded that the trustee had standing pursuant to Bankruptcy Code § 554(b) and Conn. Gen. Stat. §§ 52-552, *et seq.*, (repealed and replaced by

Conn. Gen. Stat. §§ 52-552a), to assert a fraudulent transfer claim against the defendant since any creditor could assert this claim . . . . *Id.* at 621-622.

*Marinelli,* therefore, presents no obstacle to the Court's ultimate conclusion that the Trustee has standing to pursue the state law fraudulent transfer claims – the very same claims that the Marinelli Court permitted the trustee to pursue. Moreover, when read together, *Lopreato* and *Marinelli* are a clear unambiguous statement that the Trustee has standing to bring a claim under UFTA.

Nor did the Court "misread *Shadduck*" as alleged by the Defendants. (Motion at 12-13). After an in-depth analysis of *Caplin* and the legislative history of Section 544 following *Caplin*, the court in *Shadduck*, 208 B.R. at 1, held that the chapter 7 trustee had no right to prosecute a claim belonging solely to the creditors. As part of its standing analysis, the court distinguished Section 544(b) and stated "[n]or is section 544(b) of any help to the Trustee. That subsection clearly grants avoidance rights only. The Trustee does not seek to avoid a transfer or obligation of the debtor." *Id.* at 5. The *Shadduck* court makes plain that Section 544(b) is inapplicable to the issue of standing in that case because the trustee did not seek to avoid a transfer pursuant to state fraudulent transfer law but rather sought to attach the debtor's nonexempt IRA – a claim personal to the creditors. As such, this Court correctly interprets *Shadduck*, and correctly adopts the *Shadduck* court's opinion that *Caplin* does not affect the interpretation of Section 544(b). (Decision at 10).

III. **RAYMARK HAS A DIRECT, BENEFICIAL INTEREST IN THE PROCEEDS OF THE TRANSIT POLICIES SUFFICIENT IN AND OF ITSELF TO CONFER STANDING UPON THE TRUSTEE.**

Raymark has a direct interest in the CIGA Settlement Funds. Such right arises because of Raymark's entitlement to be reimbursed for monies that it used pre-petition from general operating accounts to pay environmental claims that could have been covered by the Transit Policies. This fact alone provides the Trustee with an independent basis for standing separate and apart from the arguments set forth above. Defendants fail to address or even acknowledge this critical fact in seeking reconsideration on the issue of standing.

As the Defendants indicate in their Motion, the CIGA Settlement Proceeds were to be used to pay *or defend* the claims of tort claimants. Since Raymark's insurers initially refused to pay claims which fell within its liability coverage, Raymark was required to spend its own money to defend such claims. For instance, Raymark spent more than $20 million of its own funds to clean-up environmental damage at Stratford, Connecticut and Manheim, Pennsylvania. For every dollar that Raymark was forced to pay on these claims, it is entitled to be reimbursed. As such, Raymark's estate has a direct interest in, and claim to, a portion of the CIGA Settlement Proceeds. Given Raymark's direct interest in these monies, it necessarily follows that the Trustee has standing to avoid the unlawful transfers of the CIGA Settlement Proceeds for the benefit of the unsecured creditors.

IV.  <u>CONCLUSION</u>

For the foregoing reasons, and those set forth in the Trustee's Opposition to Certain Defendants Joint Motion to Dismiss, Or In the Alternative, for Summary Judgment, the Trustee respectfully requests that the Court deny the Defendants' Joint Motion for Reconsideration.

        Respectfully submitted,

        PEPE & HAZARD LLP

        */s/ James C. Graham*

        James C. Graham – ct06064
        Kristin B. Mayhew – ct20896
        Pepe & Hazard LLP
        Goodwin Square
        225 Asylum Street
        Hartford, CT  06103-4302
        (860) 522-5175

        Counsel to Laureen M. Ryan,
        Chapter 11 Trustee for Raymark Industries,
        Inc., Raymark Corporation and Universal
        Friction Composites

## CERTIFICATE OF SERVICE

I, James C. Graham, hereby certify that a copy of the foregoing Plaintiff's Opposition to Defendants' Motion for Reconsideration was served by U.S. first class mail, postage prepaid, this 19th day of November, 2004 on each of the addressees listed on the attached Schedule A.

_____
James C. Graham

Schedule A

| Counsel for Bjork, Lawrence, Poeschl & Kohn | Counsel to Thomas McNaboe; Wright & Coon, P.A. and Spohrer, Wilner, Maxwell, Maciejewski & Mathews, P.A. |
|---|---|
| Dominic Fulco, III, Esq.<br>Reid & Riege, P.C.<br>One State Street<br>Hartford, CT  06103-3185 | Niclas A. Ferland, Esq.<br>Tyler, Cooper & Alcorn<br>205 Church Street<br>P.O. Box 1936<br>New Haven, CT  06509 |

| Counsel for Sullivan, Hill, Lewin, Rez, Engel and Labazzo; and Nelson Mullins | Counsel for Skepnek & Maddox and William Skepnek |
|---|---|
| Alan Robert Baker, Esq.<br>Baker, O'Sullivan & Bliss, P.C.<br>Putnam Park, Suite 100<br>100 Great Meadow Road<br>Wethersfield, CT  06109 | Cynthia F. Grimes, Esq.<br>Grimes & Rebein, L.C.<br>15301 West 87th Street, Suite 200<br>Lenexa, KS  66219 |

| Counsel to Spohrer, Wilner, Maxwell, Maciejewski & Mathews, P.A.; Wright & Coon, P.A. and Thomas McNaboe | Counsel for Butera, Beausang, Cohen & Brennan, P.C. |
|---|---|
| George J. Marcus, Esq.<br>Michael J. Gartland, Esq.<br>Marcus, Grygiel & Clegg, P.A.<br>100 Middle Street - East Tower<br>Portland, ME  04101-4102 | Craig S. Taschner, Esq.<br>Polivy & Taschner LLC<br>6 Central Row<br>Hartford, CT  06103 |

| Counsel for Butera, Beausang, Cohen & Brennan, P.C. | Counsel for Butera, Beausang, Cohen & Brennan, P.C. |
|---|---|
| William J. Brennan, Esq.<br>Butera, Beausang, Cohen & Brennan, PC<br>630 Freedom Business Center<br>King of Prussia, PA  19406 | Alan A. Turner, Esq.<br>1725 Spruce Street<br>Philadelphia, PA  19103 |

| | United States Trustee |
|---|---|
| Andrew Constantine, Esq.<br>Andrew Constantine II, PC<br>75 Montgomery Street, Suite 200<br>Jersey City, NJ  07302 | Office of the United States Trustee<br>265 Church Street – Suite #1103<br>New Haven, CT  06510 |

KBM/29619/8/64237v1
11/19/04-SPT/