UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAUREEN M. RYAN, <br> CHAPTER 11 TRUSTEE OF THE <br> ESTATE OF RAYMARK INDUSTRIES, <br>     Plaintiff, <br><br> v. <br><br> SULLIVAN, HILL, LEWIN, REZ <br> ENGEL AND LABAZZO, et al., <br>     Defendant. | CIVIL ACTION NO. <br><br> No. 3-00-CV-1854(DJS) <br><br><br> NOVEMBER 29, 2004 |

### REPLY TO PLAINTIFF TRUSTEE'S OPPOSITION TO CERTAIN DEFENDANTS' JOINT MOTION FOR RECONSIDERATION

Defendants Sullivan, Hill, Lewin, Rez, Engel and Labazzo; Nelson, Mullins, Riley and Scarborough, L.L.P.; and Tom Riley Law Firm, P.L.C. (collectively, the "Movants") submit this Reply to the Plaintiff Trustee's Opposition To Certain Defendants' Joint Motion For Reconsideration (the "Opposition") dated November 19, 2004, and respectfully represent and allege as follows:

### I. PROCEDUREAL BACKGROUND

On July 8, 2002, the Movants and certain other defendants in the Consolidated Actions filed a joint motion to dismiss or, in the alternative, for summary judgment. This Court's October 14, 2004 Memorandum of Decision (the "Decision") denied the Defendants' motion. On October 29, 2004, the Movants submitted their Motion for Reconsideration (the "Motion") and a supporting Memorandum of Law (the "Memorandum") asking the Court to reconsider its denial

of the motion to dismiss. The Trustee filed its Opposition on November 19, 2004. With this Reply, the Movants address conspicuous errors in the Trustee's Opposition.

## II. ARGUMENT

A.   **The Court Ignored Critical Bankruptcy Code Language Requiring Actions Under Section 544(b) to Benefit All Creditors Ratably.**

The Trustee erroneously asserts that the Court "carefully considered controlling precedent in the Supreme Court and the Second Circuit as well as the statutory authority found in the Bankruptcy Code" and that the Movants cannot establish that the Court overlooked controlling law. Opposition at 3-4. To the contrary, the Court overlooked critical language in the Bankruptcy Code that requires actions under section 544(b) and other avoidance provisions in the Code to benefit all creditors ratably. See Memorandum at 7-8. As Movants explained in their Memorandum, the Court committed manifest error by reading Bankruptcy Code section 544(b) in isolation from related sections, such as sections 541, 550, and 551, each of which makes clear that recovery after avoidance must be for the benefit of the estate. Those sections, without which section 544(b) would be of little use to the Trustee, provide the "textual basis" the Court sought in order to conclude that a claim under section 544(b) must result in benefits ratable to all creditors. The Court's failure to perceive such a "textual basis" was a significant reason it rejected Defendants' argument that the Trustee lacks standing. See Decision at 9 ("This court should not, as it necessarily would it if adopts the statutory interpretation of Marinelli, re-write the Bankruptcy Code. Federal courts are not licensed to 'usurp the policy-making and legislative functions of duly elected representatives.' . . . . The statutory construction of Marinelli lacks the necessary textual support and this court will not adopt a similar interpretation." (citation omitted)); Decision at 11 ("[T]he court will not abuse the language of §544(b) in the manner

2

desired by the defendants."). In disregarding the statutory scheme surrounding section 544(b), indeed, in failing even to acknowledge the existence of such a scheme, the Court overlooked controlling law.

In summary, Bankruptcy Code sections 541, 550, and 551 control the Trustee's ability to recover property after avoidance. Those Code sections expressly require that recovery after avoidance be for the benefit of the estate. The Court ignored those sections of the Code, interpreting section 544(b) in a vacuum rather than as part of a statutory scheme. The Court's failure to consider controlling provisions of the Bankruptcy Code mandates reconsideration of its Decision.

**B.    The Court Ignored the Principle that the Trustee Cannot Assert Causes of Action for the Benefit of a Subset of the Creditor Body.**

The Trustee fails to apprehend the principle governing trustee standing: under Caplin v. Marine Midland Grace Trust Co., 406 U.S. 416, 429, 92 S. Ct. 1678, 1685, 32 L.Ed.2d 195 (1972), a bankruptcy trustee cannot assert causes of action for the benefit of a subset of the creditor body. Mistakenly, the Trustee, like the Court, focuses on the type of claim asserted. The issue is not the whether the Trustee asserts a cause of action under Connecticut's fraudulent transfer statute, a federal banking statute (as in Marinelli) or any other avoidance law; rather, the issue is *who can benefit from the recovery*. The Court erred in ignoring that principle; ignoring the fact that Congress chose to leave the Caplin principle untouched; and fashioning its own novel interpretation of Caplin.

Furthermore, in her eagerness to justify the Court's reading of Caplin, the Trustee garbles her account of the Court's reasoning. The Trustee states that "the Trustee in the instant action is not pursuing a claim that is a personal, direct claim belonging to Raymark's creditors. This

3

Court correctly distinguished Caplin on this basis." Opposition at 6. Tellingly, those statements are not followed by a citation to the Decision. In fact, nowhere in the Decision does the Court distinguish Caplin on those grounds, and nowhere does the Court determine that the Trustee is not pursuing a personal claim of Raymark's creditors. Rather, and as described above, the Court distinguished Caplin based on the type of claim asserted by the Trustee.[1]

In sum, the Court ignored the fundamental principle that a trustee has standing to pursue a claim only if the recovery from that claim will benefit all creditors ratably. In analyzing Caplin and cases applying Caplin and in purporting to apply Caplin to this case, the Court mistakenly focused on the type of claim asserted rather than considering who would benefit from recovery on that claim. In light of those errors, reconsideration of the Court's Decision is necessary.

C.  **The Trustee Cannot Derive Standing from Raymark's Interest, if Any, in the CIGA Settlement Funds.**

The Trustee asserts that the Debtor's interest in the CIGA Settlement Proceeds give her an "independent basis for standing." Opposition at p. 9. The Trustee is wrong. Outside the bankruptcy context, fraudulent transfer claims arising from debtor's own transfers belong to the debtor's creditors, not to the debtor. See In re Cybergenics Corp., 226 F.3d 237, 242 (3d Cir. 2000). Within the bankruptcy context, the Trustee's rights are limited to the same extent that as the debtor's under nonbankruptcy law. See In re Hagerstown Fiber Ltd. Partnership, 277 B.R. 181, 206-07 (Bankr. S.D.N.Y. 2002). Indeed, the Trustee herself acknowledges as much. See

---

[1] The Trustee goes on to say that "Marinelli . . . presents no obstacle to the Court's ultimate conclusion that the Trustee has standing to pursue the state law fraudulent transfer claims . . . ." Opposition at 8. The Trustee's assertion contrasts sharply with the Court's statement that "[t]his court finds the Marinelli decision to be an inaccurate interpretation of §544(b) and a misreading of the Caplin principle as it applies to §544 of the Bankruptcy Code." Decision at 8. Clearly, the Trustee is confused.

Opposition at 5 (citing <u>St. Paul Fire and Marine Insur. Co. v. Pepsico, Inc.</u>, 884 F.2d 688, 700 (2nd Cir. (1989)).  Therefore, the Trustee's status as successor to Raymark does not give her an independent basis for standing to pursue the claims at issue here.  Those principles were explained in the Memorandum of Law filed in support of the Defendants' Joint Motion to Dismiss on July 8, 2002, and explained again, in reply to the Trustee's argument, in the Reply Memorandum filed on September 27, 2002.  <u>See</u> Memorandum of Law in Support of Defendants' Joint Motion to Dismiss Or, in the Alternative, for Summary Judgment at p. 16 note 5; Defendants' Reply Memorandum as to Cross-Motions for Partial Summary Judgment dated September 27, 2002 at pp. 5-9.  Yet again, the Trustee argues that "Raymark has a direct interest in the CIGA Settlement Funds" that "provides the Trustee with an independent basis for standing separate and apart from the arguments set forth above." Opposition at 9.

In conclusion, it is black letter law that the power to avoid fraudulent transfers belongs to the creditors, not the debtor, and cannot be exercised by a trustee while shod in the debtor's shoes.  Consequently, the Trustee's argument that she has an "independent basis for standing" fails.

## III. CONCLUSION

For the foregoing reasons, Defendants Sullivan, Hill, Lewin, Rez, Engel and Labazzo; Nelson, Mullins, Riley and Scarborough, L.L.P.; and Tom Riley Law Firm, P.L.C. respectfully request that the Court grant their Motion for Reconsideration.

Dated at Wethersfield, Connecticut, this 29th day of November, 2004.

> DEFENDANTS, SULLIVAN, HILL, LEWIN, REZ, ENGEL & LABAZZO; NELSON, MULLINS, RILEY & SCARBOROUGH, L.L.P.; AND THE TOM RILEY LAW FIRM, P.L.C.
>
> By _/s/_____
> Alan Robert Baker (ct05623)
> William J. O'Sullivan (ct08452)
> Denise R. Polivy (ct19676)
> Shannon R. Tracy (ct25905)
> Baker O'Sullivan & Bliss PC
> Putnam Park, Suite 100
> 100 Great Meadow Road
> Wethersfield, CT 06109-2371
> Phone (860) 258-1993
> Fax (860) 258-1991

## CERTIFICATION
### 3:00-CV-1854(DJS)

I hereby certify that I have, this 29th day of November 2004, served the foregoing **Reply to Plaintiff Trustee's Opposition to Certain Defendants' Joint Motion for Reconsideration** by U.S. Mail, postage prepaid, to the following counsel of record.

James C. Graham, Esq.
Pepe & Hazard
Goodwin Square
225 Asylum Street
Hartford, CT 06103-4302
(Counsel to Laureen M. Ryan, Trustee)

George J. Marcus, Esq.
Marcus, Clegg & Mistratta, P.A.
100 Middle Street, East Tower
Portland, ME 04101
(Counsel to Thomas McNaboe; Spohrer, Wilner Maxwell, Maciejewki & Mathews, PA; and Wright & Coon, PA)

Kristin B. Mayhew, Esq.
Pepe & Hazard
30 Jelliff Lane
Southport, CT 06490-1436
(Counsel to Laureen M. Ryan, Trustee)

Niclas A. Ferland, Esq.
Tyler Cooper & Alcorn
205 Church Street
P.O. Box 1936
New Haven, CT 06509-1910
(Counsel to William Skepnek d/b/a Skepnek & Maddox)

Dominic Fulco, III, Esq.
Reid and Riege PC
One State Street
Hartford, CT 06103-3185
(Counsel to Bjork Lawrence Poeschl & Kohn)

Eric M. Gross, Esq.
Green & Gross, P.C.
1087 Broad St., Suite 401
Bridgeport, CT 06604
(Counsel to Thomas McNaboe; and Thompson, McNaboe, Ashley & Bull, LLC)

Craig S. Taschner, Esq.
Polivy & Taschner, LLC
Six Central Row, 2nd Floor
Hartford, CT 06103
(Counsel to Butera, Beausang, Cohen & Brennan, P.C.)

Thomas D. Goldberg, Esq.
Day, Berry & Howard
One Canterbury Green
Stamford, CT 06901-2047
(Counsel to Bell, Boyd & Lloyd)

U.S. Trustee's Office
One Century Tower
265 Church Street, Suite 1103
New Haven, CT 06510-7016
(U.S. Trustee)

Thomas J. O'Neill, Esq.
Day Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901
(Counsel to Bell Boyd & Lloyd)

By: _____
Denise R. Polivy