UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAUREEN M. RYAN, TRUSTEE, | : | Individual Case Numbers: |
|     Chapter 11 Trustee of the Estate of | : | No. 3:00CV1854 (DJS) – Lead Case |
|     Raymark Industries, Inc. | : | No. 3:00CV1855 (DJS) |
| | : | No. 3:00CV1856 (DJS) |
| | : | No. 3:00CV1857 (DJS) |
| | : | No. 3:00CV1858 (DJS) |
| v. | : | No. 3:00CV1859 (DJS) |
| | : | No. 3:00CV2134 (DJS) |
| SULLIVAN, HILL, LEWIN, REZ, ENGEL | : | No. 3:00CV2135 (DJS) |
| AND LABAZZO, ET AL | : | No. 3:00CV2136 (DJS) |
| | : | No. 3:00CV2137 (DJS) |
| | : | No. 3:00CV2138 (DJS) |
| | : | |
| | : | MAY 27, 2005 |

**MEMORANDUM OF BJORK LAWRENCE POESCHL & KOHN
SHOWING CAUSE FOR CASES TO REMAIN IN DISTRICT COURT**

Bjork Lawrence Poeschl & Kohn hereby submits this memorandum in response to an Order dated May 11, 2005 by the Honorable Dominic J. Squatrito to show cause why the above-captioned consolidated adversary proceedings (the "Cases") should not be returned to the Bankruptcy Court.[1]

---

[1] Hereinafter, the following defined terms are used in this memorandum: Bjork Lawrence Poeschl & Kohn ("BLPK"); Sullivan, Hill, Lewis, Rez, Engel & Labazzo ("Sullivan Hill"); Nelson Mullins Riley & Scarborough L.L.P. ("Nelson Mullins"); The Tom Riley Law Firm, PLC ("Riley"); William Skepnek ("Skepnek"); and Thomas McNaboe ("McNaboe").

18826.000/387619.1

1

## I. **BACKGROUND**

On March 18, 1998, Raymark filed a voluntary petition for relief (the "Raymark Bankruptcy Case") under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Connecticut (the "Connecticut Bankruptcy Court"), which filing commenced a bankruptcy proceeding styled as *In re Raymark Industries, Inc.*, Chapter 11, Case No. 98-51532 (the "Raymark Bankruptcy Case"). On April 15, 1998, Raymark Corporation filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Connecticut Bankruptcy Court, which filing commenced a bankruptcy proceeding styled as *In re Raymark Corporation*, Chapter 11, Case No. 98-51540 (the "Raymark Corporation Bankruptcy Case"). On October 7, 1998, the Connecticut Bankruptcy Court ordered joint administration of the Raymark Bankruptcy Case, the Raymark Corporation Bankruptcy Case and Raytech Corporation's then-pending bankruptcy case (collectively, the "1998 Bankruptcy Case") and ordered the appointment of a Chapter 11 trustee. On or about November 5, 1998, the Connecticut Bankruptcy Court approved Laureen Ryan's appointment as Chapter 11 trustee of Raymark ("Trustee Ryan" or the "Trustee").

By complaint dated March 26, 1999, the Trustee sued BLPK in the Connecticut Bankruptcy Court, which filing commenced an adversary proceeding styled as *Ryan v. Bjork Lawrence*, Adversary Proceeding No. 99-5035 (the "BLPK Adversary Proceeding"), seeking, *inter alia*, avoidance and recovery of certain sums received in payment of a certain promissory note issued by III.

18826.000/387619.1

2

By complaint dated March 26, 1999, the Trustee sued Nelson Mullins in the Connecticut Bankruptcy Court, which filing commenced an adversary proceeding styled as *Ryan v. Nelson Mullins*, Adversary Proceeding No. 99-5036 (the "Nelson Mullins Adversary Proceeding"), seeking, *inter alia*, avoidance and recovery of certain sums receive in payment of a certain promissory note issued by III.

By complaint dated March 16, 2000, the Trustee sued Sullivan Hill, Nelson Mullins, Riley, Skepnek, McNaboe and BLPK in the Connecticut Bankruptcy Court, which filing commenced an adversary proceeding styled as *Ryan v. Sullivan, Hill, Lewin et* al., Adversary Proceeding No. 00-5017 (the "Sullivan Hill Adversary Proceeding"), seeking, *inter alia*, sums paid to Sullivan Hill, Nelson Mullins, Riley, Skepnek, McNaboe and BLPK. In the Sullivan Hill Adversary Proceeding, the Trustee sought avoidance and recovery of a quarterly fee payment paid to BLPK.

On September 28, 2000, the United States District Court for the District of Connecticut (the "Connecticut District Court") ordered the reference withdrawn in the BLPK Adversary Proceeding, the Nelson Mullins Adversary Proceeding and the Sullivan Hill Adversary Proceeding and that those adversary proceedings be transferred to the District Court.

Subsequently, this Court ordered the reference withdrawn in eight other adversary proceedings and that those cases be transferred to the District Court (for a total of 11 cases transferred to the District Court).

18826.000/387619.1

3

On November 20, 2001, this Court ordered the consolidation of all eleven adversary proceedings (defined above as the Cases) that had been withdrawn from the Connecticut Bankruptcy Court under the Sullivan Hill Adversary Proceeding caption.

On July 8, 2002, Trustee Ryan and certain of the defendants in the Cases filed cross summary judgment motions. The defendants' motion also requested a dismissal of the Cases. This Court, Squatrito, J., issued a Memorandum of Decision on October 14, 2004 granting Trustee Ryan's motion for summary judgment and denying defendants' motion for summary judgment and motion to dismiss (the "Decision").

For the reasons set forth below, the Cases should remain in this Court.

## II. ARGUMENT

This Court, when it withdrew the reference of the Cases in September 2000, did so under 28 U.S.C. §157(d) which provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

In resolving the question of whether to withdraw the reference to the Connecticut Bankruptcy Court, this Court was guided by the teachings of the Second Circuit Court of Appeals which established the following factors for a District Court to consider when applying 28 U.S.C. §157(d): (1) whether the claim is core or non-core; (2) what is the most efficient use of judicial resources; (3) what is the delay and what are the costs to the parties; (4) what will promote

18826.000/387619.1

4

uniformity of bankruptcy administration; (5) what will prevent forum shopping; and (6) other related factors. In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2nd Cir. 1993). Although a case may be a core proceeding, when examining these criteria "[i]n the final analysis the critical question is efficiency and uniformity." Mishkin v. Ageloff, 220 B.R. 784, 799 (SDNY 1998) (granting permissive withdrawal of reference), citing Orion, supra, 4 F.3d at 1100.

Cause for keeping this case at the District Court level has not evaporated. In fact, there exist at this point even stronger reasons for this Court to retain the Cases.

This Court, pursuant to its Decision, has left open certain significant issues. As this Court stated in its Decision:

> The court does not here decide whether the Fund money is, in fact, recoverable under Connecticut law and the Bankruptcy Code. The motion to dismiss is denied without prejudice as to the recoverability of the Fund under Connecticut fraudulent transfer law. Defendants may raise the issue again at the appropriate time for the filing of dispositive motions.

Since this Court is most familiar with the issues surrounding the Fund money, it would more efficient for this Court to resolve those issues rather then sending the Cases back down to the Connecticut Bankruptcy Court where the bankruptcy judge would have to become familiar with those issues.

Moreover, there is the likelihood that the property of the estate issue decided in the Decision will be the subject of an appeal after a trial on the merits of the case. In light of this, it would not be efficient to refer the Cases back to the Connecticut Bankruptcy Court, have a trial on

18826.000/387619.1

the merits and then return to the District Court before proceeding to the Second Circuit Court of Appeals.

Further, in connection with a trial in the BLPK Adversary Proceeding, a court will have to analyze the impact of this Court's ruling in Laureen M. Ryan, Trustee v. Craig R. Smith, et al, Civil Action No. 3:99CV284 (DJS) ("Ryan v. Smith") and the subsequent settlement of that case upon the Trustee's claims against BLPK. At a trial in the BLPK Adversary Proceeding, BLPK will assert that, by virtue of a settlement reached in the Ryan v. Smith litigation, the Trustee extinguished the $8.5 million loan transaction from Raymark to III that this Court had found to be a fraudulent transfer in its ruling in that case. In turn, by settling the Ryan v. Smith litigation, the Trustee extinguished her claims against BLPK which claims arise from a promissory note that BLPK received from III. This Court has examined, in part, the III loan transaction with Raymark. For the Bankruptcy Court to examine that transaction anew and the effect of this Court's ruling in the Ryan v. Smith case upon the Trustee's present claims would be a duplication of effort and a waste of judicial resources.

Alternatively, if the Estate's claims against BLPK were not extinguished by virtue of this Court's ruling and the subsequent settlement, the settlement of the Ryan v. Smith action will have to be examined since the Estate cannot recover twice for the same claim (once from the defendants in the Ryan v. Smith case and once from BLPK and other defendants in the Cases who received notes). See Bankruptcy Code §550(d). Given this Court's prior rulings in the Ryan v. Smith case, this Court is better equipped to determine the impact of the settlement of the settlement of the Ryan

18826.000/387619.1

6

v. Smith litigation upon the Trustee's claims against BLPK and other defendants who received notes from III.

Moreover, there are constitutional reasons for the Cases to remain in this Court. In the Sullivan Hill Adversary Proceeding, BLPK and other defendants made demands for a jury trial. Under 28 USC §157(e), the parties must consent to a jury trial before a bankruptcy judge. The parties have not consented to a jury trial before a bankruptcy judge under the applicable local rules. Thus, Sullivan Hill Adversary Proceeding must be tried to a jury before an Article III judge in the District Court. In light of the overlapping issues of law and fact in the Cases, it does not make any sense for the Court to retain the Sullivan Hill Adversary Proceeding and the other Cases where a jury demand has been made and refer any non-jury cases to the Connecticut Bankruptcy Court. Accordingly, all of the Cases should remain with this Court.

Finally, in light of the contentious nature of the litigation of the Cases to date and the size of the dollars at stake in the Cases, it is highly likely that a final adjudication of the Cases will be appealed. Accordingly, it would be a waste of judicial resources to refer this case back to the Bankruptcy Court, have a trial on the merits in the Bankruptcy Court and return to the District Court for purposes of an interim appeal before proceeding to the Second Circuit.

18826.000/387619.1

For the reasons set forth above, this Court should retain the Cases for further proceedings.

BJORK LAWRENCE POESCHL
& KOHN

By_____
Dominic Fulco III
Federal Bar No. ct06494
Reid and Riege, P.C.
One Financial Plaza, 21st Floor
Hartford, CT 06103
(860) 278-1150
dfulco@reidandriege.com
Its Attorney

18826.000/387619.1

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, via first-class U.S. mail, this 27th day of May, 2005, to:

James C. Graham, Esq.
Pepe & Hazard, LLP
225 Asylum Street
Goodwin Square
Hartford, Connecticut 06103
    (Counsel for the Plaintiff)

William J. O'Sullivan, Esq.
Alan Robert Baker, Esq.
Baker O'Sullivan & Bliss PC
100 Great Meadow Road, Suite 100
Wethersfield, CT 06109
    (Counsel for Sullivan, Hill, Lewin, Rez, Engel and Labazzo;
Tom Riley Law Firm PLC; and Nelson Mullins Riley & Scarborough, LLP)

George J. Marcus, Esq.
Michael J. Gartland, Esq.
Marcus, Grygiel & Clegg, P.A.
100 Middle Street
East Tower
Portland, ME 04101-4102
    (Counsel for Thomas McNaboe)

Andrew Constantine, Esq.
Andrew Constantine II, PC
75 Montgomery Street, Suite 200
Jersey City, NJ 07302

Niclas A. Ferland, Esq.
Tyler Cooper & Alcorn LLP
205 Church Street
New Haven, CT 06509
    (Counsel for Thomas McNaboe)

18826.000/387619.1

Thomas J. O'Neill, Esq.
Day Berry & Howard
One Canterbury Green
Stamford, CT 06901
    (Counsel for Bell Boyd & Lloyd)

Craig S. Taschner, Esq.
Policy & Taschner
Six Central Row
Hartford, CT 06123
    (Counsel for Butera Beausang)

William J. Brennan, Esq.
Butera, Beausand, Cohen & Brennan, PC
630 Freedom Business Center
King of Prussia, PA 19406

Alan A. Turner, Esq.
1725 Spruce Street
Philadelphia, PA 19103

Cynthia F. Gimes, Esq.
Grimes & Rebein, L.C.
15301 West 87th Street, Suite 200
Lenexa, KS 66219

Eric M. Gross, Esq.
Green & Gross, PC
1087 Broad Street, Suite 401
Bridgeport, CT 06604

Roberta Schwartz, Esq.
Law Office of Roberta Schwartz
4920 Main Street
Bridgeport, CT 06606

Christopher J. Stroebel, Esq.
Bell, Boyd & Lloyd
70 W. Madison Street, Suite 3300
Chicago, IL 60602-4207

18826.000/387619.1

Rosanne Ciambrone, Esq.
Bell, Boyd & Lloyd LLC
Three First National Plaza, Suite 3300
70 West Madison Street
Chicago, IL  60602-4207

                                                                                   _____
                                                                                    Dominic Fulco III

18826.000/387619.1