FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
HARTFORD

2005 MAY 27  P 4:31

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| LAUREEN M. RYAN,<br>CHAPTER 11 TRUSTEE OF THE<br>ESTATE OF RAYMARK INDUSTRIES,<br><br>    Plaintiff,<br><br>v.<br><br>SULLIVAN, HILL, LEWIN, REZ<br>ENGEL AND LABAZZO, et al.,<br><br>    Defendants. | CIVIL ACTION NO.<br>3-00-CV-1854-DJS<br><br><br><br><br><br><br><br><br>MAY 27, 2005 |

### RESPONSE OF DEFENDANTS
### SULLIVAN HILL LEWIN REZ & ENGEL,
### NELSON MULLINS RILEY & SCARBOROUGH, LLP AND
### THE TOM RILEY LAW FIRM, P.L.C. TO ORDER TO SHOW CAUSE

Defendants Sullivan Hill Lewin Rez & Engel ("Sullivan Hill"), Nelson Mullins Riley & Scarborough LLP ("Nelson Mullins"), and The Tom Riley Law Firm, P.L.C. ("Riley"; collectively, the "Defendants") hereby respond to this Court's Amended Order to Show Cause entered on May 11, 2005, and respectfully represent and allege as follows:

### I. BACKGROUND

Raymark Industries, Inc. ("Raymark") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Connecticut ("Bankruptcy Court") on March 18, 1998. In October 7, 1998, the Connecticut Bankruptcy Court ordered joint administration of Raymark's Chapter 11 case with the Chapter 11

cases of Raymark Corporation and Raytech Corporation and ordered the appointment of a Chapter 11 trustee. On or about October 15, 1998, the United States Trustee appointed Laureen M. Ryan, the plaintiff in the above captioned action, as the Chapter 11 Trustee. On or about November 5, 1998, the Connecticut Bankruptcy Court approved Plaintiff Ryan's appointment as Chapter 11 Trustee (the "Trustee").

The defendants in this action are law firms that defended Raymark in asbestos-related litigation before its 1998 Chapter 11 filing (the "National Trial Team Firms").

By complaints dated March 26, 1999, the Trustee commenced adversary proceedings in Bankruptcy Court against, respectively, Nelson Mullins and Bjork Lawrence Poeschl & Kohn ("Bjork"). The Trustee sought to avoid and recover certain transfers allegedly made by Raymark to each law firm on the grounds that such transfers were preferential or were unauthorized postpetition transfers.

By complaint dated March 16, 2000, the Trustee brought this action (the "Fraudulent Transfer Action") in Bankruptcy Court seeking to avoid and recover payments made by Raymark to the National Trial Team Firms on the theory that the payments were intentionally or constructively fraudulent under "relevant state law." Complaint ¶ 37. The "relevant state law" is not identified.

Defendants Sullivan Hill, Nelson Mullins and Riley, among others, filed timely jury demands in the Fraudulent Transfer Action. None of those defendants filed a statement consenting to conduct of the jury trial by the Bankruptcy Court. Sullivan Hill and Nelson Mullins filed proofs of claim against Raymark's estate. Riley did not file a proof of claim against the estate.

On September 28, 2000, this Court ordered the reference withdrawn in the adversary proceedings against Nelson Mullins and Bjork. On or shortly after the same date, the Court ordered the reference withdrawn in eight other adversary proceedings that the Trustee had commenced against members of the National Trial Team. On November 20, 2001, this Court ordered the eleven actions consolidated. On December 12, 2001, the Court ordered the parties to the consolidated actions jointly to stipulate as to the facts relevant to certain questions of law and to file cross motions for summary judgment on such questions of law. The Trustee and certain defendants subsequently moved for summary judgment; the defendants, additionally, moved to dismiss. By Memorandum of Decision dated October 14, 2004, this Court granted the Trustee's motion for summary judgment and denied the defendants' motions. A motion for reconsideration filed by Sullivan Hill, Nelson Mullins, and Riley was denied.

By order dated May 11, 2005, this Court ordered the parties to "show cause, by written submission filed with the court on or before May 27, 2005, why this matter should not be referred to the United States Bankruptcy Court for the District of Connecticut."

## II. ARGUMENT

**A.  This Matter Should Remain Before This Court Because Some Defendants Have A Constitutional Right to a Jury Trial in District Court.**

Having made a jury demand, and not having filed a proof of claim against the estate, Riley has an unassailable Constitutional and statutory right to a jury trial conducted by the District Court. "In any action commenced in a federal court, 'the right to a jury trial ... is to be determined as a matter of federal law.'" Germain v. Connecticut Nat. Bank, 988 F.2d 1323, 1326 (2d Cir. 1993) (quoting Simler v. Conner, 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9 L.Ed.2d 691

3

(1963)). As a matter of federal law, the bankruptcy court may not conduct a jury trial unless all parties to the action consent. *See* 28 U.S.C. § 157(e) ("If the right to a jury trial applies . . . the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and *with the express consent of all the parties*.") (emphasis added); Fed. R. Bankr. P. 9015 ("If the right to a jury trial applies, . . . the parties may consent to have a jury trial conducted by a bankruptcy judge under 28 U.S.C. § 157(e) by jointly or separately filing a statement of consent within any applicable time limits specified by local rule."). The applicable time limit in the District of Connecticut is 30 days after the jury demand. *See* D. Conn. LBR 9015-1. That period has long since expired, and Riley has not consented to the conduct of a jury trial by the Bankruptcy Court. Therefore, the Trustee's claims against Riley must be tried in the District Court.

Moreover, other defendants filed jury demands, and, upon information and belief, did not consent to a jury trial in the Bankruptcy Court and did not file claims against the estate. Those defendants, like Riley, are entitled to a jury trial in the District Court. Unquestionably, therefore, the Trustee's claims against some of the National Trial Team defendants will be tried in District Court.[1] Under those circumstances, it makes no sense to try the Trustee's claims against the remaining defendants in Bankruptcy Court. The Trustee's claims against all defendants arise out of the same set of factual circumstances and raise the same or similar factual and legal issues. Duplicating the mandatory District Court trial would waste judicial resources and burden the

---

[1] That the Trustee's claims against the defendant are "core" claims is of no import. "The right to a jury trial is of constitutional concern. Neither Congress nor the courts may deprive litigants of their constitutional rights simply by labeling a cause of action 'core.'" Germain v. Connecticut Nat. Bank, 988 F.2d at 1326-27.

4

estate by requiring it to put on evidence and expert testimony in not one, but two courts. Furthermore, duplicate trials would create a risk of inconsistent rulings, prompting further litigation.

In summary, the fact that Riley and other defendants are entitled to a jury trial in the District Court constitutes cause for this Court to eschew transferring the case to Bankruptcy Court. try all claims in the District Court.

**B.    Referring This Matter to the Bankruptcy Court Will Postpone a Final Resolution of the Trustee's Claims and Impose Significant and Unnecessary Expense on Raymark's Estate.**

Given the dollar amounts that the Trustee seeks to recover from each defendant, it is reasonable to expect that a final adjudication of the Trustee's claims will be appealed by the losing party. Transferring this case to the Bankruptcy Court would interpose an additional level of appeal. A final ruling by this Court would be appealed to the Second Circuit Court of Appeal. By contrast, a final ruling by the Bankruptcy Court would be appealed first to this Court. Then, after this Court adjudicates the appeal, the matter would go to the Second Circuit. The additional level of appeal could slow the final resolution of these claims by a matter of years and would impose an enormous cost on Raymark's Chapter 11 estate. Given that this case is presently before the District Court, transferring it to the Bankruptcy Court would undoubtedly delay its final resolution. Therefore, cause exists for this case to remain in the District Court.

### III. CONCLUSION

Because the claims against Riley and other defendants in this case necessarily will be tried to a jury in the District Court, and, furthermore, because transferring this case to

5

Bankruptcy Court would interpose an additional layer of appeal, with consequent expense and delay, cause has been shown why this Court should not refer this matter to the Bankruptcy Court.

Additionally, the defendants adopt and incorporate by reference the responses of other defendants to the Court's Order to Show Cause, insofar as those responses are applicable.

SULLIVAN, HILL, LEWIN, REZ,
ENGEL & LABAZZO;
NELSON MULLINS RILEY &
SCARBOROUGH L.L.P.; AND
THE TOM RILEY LAW FIRM

By: _____
Alan Robert Baker (ct05623)
William J. O'Sullivan (ct08452)
Denise R. Polivy (ct19676)
Baker, O'Sullivan & Bliss PC
Putnam Park, Suite 100
100 Great Meadow Road
Wethersfield, CT 06109
Tel: 860 258-1993
Fax: 860-258-1991
baker@boblawyers.com
o'sulliavn@boblawyers.com
polivy@boblawyers.com
Their Attorneys

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Response of Defendants Sullivan Hill Lwin Rex & Engel, Nelson Mullins Riley & Scarborough, LLP and the Tom Riley Law Firm, P.L.C. to Order to Show Cause was mailed, postage prepaid, via first-class U.S. mail, this 27th day of May, 2005, to:

James C. Graham, Esq.
Pepe & Hazard
Goodwin Square
225 Asylum Street
Hartford, CT  06103-4302
*Counsel to Laureen M. Ryan, Trustee*

Kristin B. Mayhew, Esq.
Pepe & Hazard
30 Jelliff Lane
Southport, CT  06490-1436
*Counsel to Laureen M. Ryan, Trustee*

Dominic Fulco, III, Esq.
Reid and Riege PC
One Financial Plaza, 21st Floor
Hartford, CT  06103
*Counsel to Bjork Lawrence Poeschl & Kohn*

Craig S. Taschner, Esq.
Polivy & Taschner, LLC
Six Central Row, 2nd Floor
Hartford, CT  06103
*Counsel to Butera, Beausang, Cohen & Brennan, P.C.*

U.S. Trustee's Office
One Century Tower
265 Church Street, Suite 1103
New Haven, CT  06510-7016
*U.S. Trustee*

George J. Marcus, Esq.
Marcus, Clegg & Mistratta, P.A.
100 Middle Street, East Tower
Portland, ME  04101
*Counsel to Thomas McNaboe; Spohrer, Wilner Maxwell, Maciejewki & Mathews, PA; and Wright & Coon, PA*

Niclas A. Ferland, Esq.
Tyler Cooper & Alcorn
205 Church Street
P.O. Box 1936
New Haven, CT  06509-1910
*Counsel to William Skepnek d/b/a Skepnek & Maddox*

Eric M. Gross, Esq.
Green & Gross, P.C.
1087 Broad St., Suite 401
Bridgeport, CT  06604
*Counsel to Thomas McNaboe; and Thompson, McNaboe, Ashley & Bull, LLC*

Thomas D. Goldberg, Esq.
Day, Berry & Howard
One Canterbury Green
Stamford, CT  06901-2047
*Counsel to Bell, Boyd & Lloyd*

Thomas J. O'Neill, Esq.
Day Berry & Howard LLP
One Canterbury Green
Stamford, CT  06901
*Counsel to Bell Boyd & Lloyd*

_____
William J. O'Sullivan